UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRENA LEA G.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C19-5707 RSM

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of her applications for Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting her testimony and four medical opinions and finding her condition had not worsened since a prior unfavorable ALJ decision. Dkt. 9. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 50 years old, has a high school education, and has worked as a retail sales person and merchandiser. Dkt. 7, Admin. Record (AR) 28-29. Plaintiff applied for benefits in June 2016, alleging disability as of November 14, 2014. AR 97. Plaintiff's applications were denied initially and on reconsideration. AR 96, 111. After conducting a hearing in March 2018,

the ALJ issued a decision in August 2018 finding Plaintiff not disabled. AR 36-69, 17-30.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff has the following severe impairments: degenerative disc disease, fibromyalgia, affective disorder, anxiety disorder, right hip bursitis, osteoarthritis, carpal tunnel syndrome, tenosynovitis, and headaches.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform sedentary work, standing and/or walking three hours and sitting six hours per day. She requires changes of position every two hours (*i.e.*, during normal breaks). She can occasionally climb, balance, stoop, kneel, crouch, and crawl. She can frequently reach overhead to 120 degrees. She can use her right-hand grip occasionally with full strength and frequently for other handling or fingering. She must avoid concentrated exposure to extreme temperatures, noise, vibrations, respiratory irritants, poor ventilation, and hazards. She can perform unskilled, routine, repetitive work with occasional work setting changes. She can occasionally interact with supervisors. She can work in proximity to coworkers but not in a team or cooperative effort.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

AR 20-30. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.     Prior ALJ Decision**

Plaintiff filed an earlier application for benefits, which was denied by an ALJ decision on November 13, 2014, one day before Plaintiff's alleged onset date in the current application. AR 74-84. While res judicata creates a presumption of non-disability in a period subsequent to an unfavorable ALJ decision, such presumption may be overcome with a showing of "changed circumstances." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996); *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988); Acquiescence Ruling 97-4(9) (S.S.A. 1997). The ALJ in the 2018 decision at issue here found the presumption had been rebutted "because the standard for evaluating the mental listings has changed." AR 17.

If the presumption is rebutted, the RFC and certain other findings in the prior decision must be adopted unless there is new and material evidence relating to those findings or a relevant change in law or methodology. *See Chavez*, 844 F.2d at 694. The ALJ in the 2014 decision found fibromyalgia was not a medically determinable impairment. AR 77. The ALJ in the current decision found fibromyalgia was a severe medically determinable impairment, but found Plaintiff's medical records "show no significant change in the claimant's condition since the time of the prior decision," and adopted the RFC from the prior decision. AR 24, 20; *compare* AR 22 *with* AR 79.

Plaintiff contends the finding of no significant change is error, since the prior ALJ decision "did not consider Plaintiff's fibromyalgia at all." Dkt. 9 at 5. Plaintiff is incorrect. The prior decision expressly addressed fibromyalgia, finding the record failed to show the "required clinical findings for establishing fibromyalgia." AR 77. Plaintiff has not shown the ALJ erred by adopting the prior decision RFC.

In a related argument, Plaintiff contends the ALJ erred by giving great weight to the opinions of nonexamining State agency physician Lisa Ho, M.D., because Dr. Ho did not take fibromyalgia into account. Dkt. 9 at 5-6. The State agency Disability Determination Explanation form, for the current application, shows severe physical impairments of fibromyalgia and spine disorders. AR 119. Dr. Ho filled out the Physical RFC Assessment portion of the form, opining limitations that she wrote were explained by degenerative disc disease, "hip and knee" impairments, or "per ALJ" in the prior decision. AR 121-22. That Dr. Ho did not attribute any limitations to fibromyalgia does not necessarily mean she did not consider fibromyalgia. The ALJ reasonably inferred that Dr. Ho considered the diagnosis of fibromyalgia listed in the Explanation form as well as the evidence of fibromyalgia in the medical record, but determined that Plaintiff's fibromyalgia did not impose any additional limitations. *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (ALJ's "findings are upheld if supported by inferences reasonably drawn from the record"). In December 2016 Dr. Ho reviewed the record, which included, for example, a November 2015 treatment note documenting "tenderness of all the fibromyalgia tender spots." AR 458; *see* AR 123, 99-101. Plaintiff has shown no error in the ALJ's rational interpretation that Dr. Ho considered limitations caused by fibromyalgia. *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (when the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational).

The ALJ did not err by adopting the RFC in the prior decision and Dr. Ho's opined limitations.

**B.     Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence

1 establishing underlying impairments that could cause the symptoms alleged, and there is no
2 affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to
3 symptom severity by providing "specific, clear, and convincing" reasons supported by
4 substantial evidence. *Trevizo*, 871 F.3d at 678.

      The ALJ here discounted Plaintiff's testimony as inconsistent with her activities, improvement with treatment, and a lack of supporting medical evidence. AR 24-26.

      An ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ here found Plaintiff's claims of difficulty being around people and using her hands were contradicted by activities such as weekly participation in a darts league, scrapbooking, and gardening. AR 26. Plaintiff argues the ALJ failed to provide a citation to support the finding that Plaintiff played darts weekly. Dkt. 9 at 4. But, as the ALJ noted, Plaintiff testified at the hearing that she was in a weekly darts league. AR 48. Plaintiff argues she could scrapbook when her symptoms wane and cease when they waxed. Dkt. 9 at 4. But Plaintiff testified she "like[s] to do scrapbooking to keep busy." AR 43. She did not testify that she only does it when her symptoms subside. The ALJ reasonably inferred that scrapbooking was a regular activity that required use of Plaintiff's hands. Plaintiff does not dispute that gardening requires use of her hands. The ALJ did not err by discounting Plaintiff's testimony as inconsistent with her activities. The Court need not address the ALJ's remaining reasons, because even if erroneous their inclusion is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (as long as remaining reasons to discount claimant's testimony are valid, providing improper reasons is harmless error).

C.	**Medical Opinions**

A treating physician's opinion is generally entitled to greater weight than an examining physician's opinion, and an examining physician's opinion is entitled to greater weight than a nonexamining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

1.	**Sue Romanick, M.D.**

Plaintiff's treating physician, Dr. Romanick, filled out a Residual Functional Capacity Report. AR 954. The ALJ gave Dr. Romanick's opinions little weight as internally inconsistent and inconsistent with the medical evidence. AR 28. Asked how long Plaintiff could sit or stand/walk total in an eight-hour workday, Dr. Romanick opined one to two hours sitting and 20 minutes standing/walking, and wrote "then needs break." AR 956. The ALJ reasonably concluded Dr. Romanick meant Plaintiff could sit one to two hours or stand/walk 20 minutes at a time before needing a break, not total per day. Plaintiff does not challenge this reason. Moreover, the ALJ reasonably rejected a limit of two hours total sitting per day as inconsistent with Plaintiff's ability to sit for a total of four to five hours, with breaks, to drive to Yakima in a day. AR 46-47. Plaintiff's assertion that "there is no indication as to the intensity of Plaintiff's travels" is incorrect. Dkt. 9 at 7. She testified that she rides in a car to Yakima, which takes about four to five hours total. AR 46-47. Inconsistency with Plaintiff's activities was a specific and legitimate reason to reject an opinion that she could only sit for two hours per day total. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (Conflict with a claimant's activities "may justify rejecting a treating provider's opinion.").

Dr. Romanick opined Plaintiff could lift up to 10 pounds occasionally, but could not

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 6

carry any weight at all, even occasionally. AR 956-57 ("Never" carry "0-5 lbs."). The ALJ rejected this opinion as inconsistent with Plaintiff's ability to carry a purse or to throw darts. AR 28. Plaintiff argues these items are of minimal weight and a purse is mostly carried on the shoulder instead of with the arm. Nevertheless, Dr. Romanick's extreme opined limitation that Plaintiff cannot carry any weight at all is inconsistent with even minimal weight, throwing darts requires more force than carrying them, and carrying with the shoulder is still a type of carrying. Conflict with Plaintiff's activities was a specific and legitimate reason to discount her opinions.

The ALJ did not err by discounting Dr. Romanick's opinions.

### 2. Michael Komaretz, ARNP

In February 2018, treating provider Mr. Komaretz filled out an RFC Report, opining Plaintiff could sit half an hour and stand/walk two hours total per day. AR 964. The ALJ permissibly rejected the sitting limitation as inconsistent with Plaintiff's ability to sit for four or five hours total in a day to drive to Yakima. The ALJ also permissibly rejected the sitting and standing/walking limitations as inconsistent with Plaintiff's ability to fly across the country in two approximately three-hour flights. AR 45-46. Plaintiff's ability to sit, stand, and walk for a total of six hours contradicted Mr. Komaretz's opinion that she could only do so for a total of two and a half hours. Conflict with Plaintiff's activities was a sufficient reason to discount Mr. Komaretz's opinions.

Plaintiff contends the ALJ only rejected sitting and standing limitations, and thus Mr. Komaretz's remaining opinions must be credited as a matter of law. Dkt. 9 at 10. On the contrary, the ALJ gave "little weight" to the entirety of Mr. Komaretz's "opinion … from February 2018." AR 28. Plaintiff has not shown the ALJ erred by discounting the entire opinion.

### 3. Jelena Vranjin, Ph.D.

Plaintiff's treating psychologist, Dr. Vranjin, filled out a Psychiatric/Psychological RFC Report in February 2017. Dr. Vranjin declined to fill out the functional evaluation portion because "[a]ssessment of work abilities is not part of treatment, and given the infrequent occurrence of meetings this information is not covered." AR 841. Instead, Dr. Vranjin wrote "[Plaintiff] has reported difficulty with comprehension[,] chronic fatigue and difficulty with persistence[,] difficulty with social interaction[, and] limited activity...." AR 841-44. The ALJ permissibly gave "little weight" to these limitations because they were simply restatements of Plaintiff's self-reports. AR 27. "If a treating provider's opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion." *Ghanim*, 763 F.3d at 1162 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)). Dr. Vranjin clearly stated that any functional limitations given were based entirely on Plaintiff's self-reports.

Plaintiff concedes Dr. Vranjin "does not provide a specific functional assessment" but argues it "is not relevant" because she described symptoms. Dkt. 9 at 11. But an ALJ is not required to address opinions that do not specify work-related functional limitations. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010). A description of symptoms is not a medical opinion of functional limitations.

The ALJ did not err by discounting the limitations in Dr. Vranjin's report.

### 4. Luci Carstens, Ph.D.

Dr. Carstens examined Plaintiff in October 2016 and opined she would have marked difficulty completing a normal workday and workweek and dealing with the normal demands of a workplace. AR 739. The ALJ rejected these opinions as inconsistent with the record, her own

clinical findings, and Plaintiff's activities. AR 27-28.

An ALJ may discount a medical opinion contradicted by the medical evidence. *See Batson*, 359 F.3d at 1195 (that opinions were "contradicted by other statements and assessments of [claimant's] medical conditions" and "conflict[ed] with the results of a consultative medical evaluation" were specific and legitimate reasons to discount the opinions). The ALJ found the record did not show a significant change in mental impairments since the prior ALJ decision in November 2014, which found Plaintiff could meet ordinary attendance, production, and behavior expectations. AR 27; AR 79. Substantial evidence supports the ALJ's finding. Dr. Vranjin's treatment notes between May 2014 and October 2014 are remarkably consistent. *See* AR 752-85. Plaintiff does not challenge this reason. Inconsistency with the medical record was a specific and legitimate reason to discount Dr. Carstens' opinions. The Court need not address the ALJ's other reasons, because inclusion of erroneous reasons would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (error harmless if "inconsequential to the ultimate disability determination").

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

DATED this 25th day of March 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE